# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| In Re Ex Parte Application of XIAOMI TECHNOLOGY NETHERLANDS B.V., and XIAOMI TECHNOLOGY GERMANY GMBH, | § § § § § | |
| *Applicants*, | § § | Civil Action No. 4:25-mc-13 Judge Mazzant |
| for an Order Pursuant to 28 U.S.C. Section 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceeding. | § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Xiaomi's Motion to Compel Discovery (Dkt. #6) and Motion for Expedited Briefing with Respect to Xiaomi's Motion to Compel Discovery (Dkt. #7). Having considered the Motions and the relevant pleadings, the Court finds that the Motion to Compel Discovery should be **GRANTED in part and DENIED in part** and the Motion for Expedited Briefing should be **DENIED** as moot.

## BACKGROUND

This case arises from Xiaomi Technology Netherlands B.V. and Xiaomi Technology Germany GmbH's (collectively, "Xiaomi") purported need for discovery to assist in a patent dispute in Germany. Xiaomi seeks discovery from Celerity IP, LLC ("Celerity"), who serves as the exclusive licensing agent of the company Xiaomi faces in the Germany litigation (Dkt. #1 at p. 8). The present American litigation began with Xiaomi's *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings (the "Application") (Dkt. #1). The Court granted the Application on September 18, 2025, and granted Xiaomi "leave to issue subpoenas [to Celerity] for documents and testimony in substantially the

form attached as Exhibits A and B to the Application" (Dkt. #3). Xiaomi served Celerity with those subpoenas on September 19, 2025 (Dkt. #4).

Celerity objected to the subpoenas on October 7, 2025 (Dkt. #6-1). Xiaomi moved to compel Celerity to comply with the subpoenas on October 14, 2025, arguing that Celerity's objections are meritless and that discovery is urgently needed for upcoming November 3, 2025 and December 3, 2025 deadlines and proceedings in the Germany litigation (Dkt. #6). The Motion to Compel (the "Motion")[1] became ripe on October 28, 2025, and Celerity filed its Response on October 29, 2025 (Dkt. #10; Dkt. #11). On October 31, 2025, Xiaomi filed its Reply (Dkt. #12).

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) governs the scope of discovery. The Rule provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). A party must assert privilege explicitly and in detail, avoiding boilerplate privilege assertions. FED. R. CIV. P. 26(b)(5)(A)(i)–(ii). "[A] privilege log's description of each document and its contents must provide sufficient information to permit courts and other parties to 'test[ ] the merits of' the privilege claim." *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (alteration in original) (quoting *United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982)).

Federal Rule of Civil Procedure 37 controls motions to compel discovery or disclosure. "A party seeking discovery may move for an order compelling an answer, designation, production, or

---

[1] Although a motion for expedited briefing is also pending before the Court, it is now moot. This district's local rules give parties two weeks to respond to a motion to compel discovery. *See* E.D. TEX. CIV. R. 7(e). Here, Celerity's deadline was October 28, 2025. The motion for expedited briefing requested that Celerity's response be due on October 20, 2025, rather than October 28, 2025, and Celerity asked the Court to deny the request or allow it to respond by October 24, 2025. It is now past the original and proposed deadlines. Accordingly, whether Celerity should have been required to respond before the original October 28, 2025 deadline is now of no consequence.

inspection." FED. R. CIV. P. 37. After a party has attempted in good faith to obtain discovery without court action, Rule 37 allows a motion to compel when a party fails to answer or respond to a request for production under Rule 34, provided such discovery requests are within the scope of Rule 26(b). FED. R. CIV. P. 37(a)(3). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). The 2015 revision of the Federal Rules precludes the use of boilerplate objections. *See* FED. R. CIV. P. 26(B) advisory committee's notes to 2015 amendment. "Even where the responding party has timely served some objections to a Rule 34(a) request, this waiver extends to any grounds not stated in a timely objection." *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 283–84 (N.D. Tex. 2017) (citing FED. R. CIV. P. 34(b)(2)(B)).

When a party withholding documents "fail[s] to provide a privilege log" and "fail[s] to properly substantiate [its] objections by submitting evidence necessary to sustain its burden of proof to [its] objections," privilege is waived. *Johnston v. Transocean Offshore Deepwater Drilling, Inc.*, No. CV 18-491, 2019 WL 1558040, at *2 (E.D. La. Apr. 10, 2019); *see also Rogge v. Bandera Falls Prop. Owner's Ass'n*, No. SA-07-CA-996-OLG, 2009 WL 10713559, at *3 (W.D. Tex. Aug. 11, 2009) (stating that "[f]ailure to provide a privilege log" supporting generalized or catch-all privilege objections waives a privilege claim).

"A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Seidner v. Kimberly-Clark Corp.*, No. 3:21-CV-867-L-BK, 2023 WL 11981126, at *6 (N.D.

Tex. Dec. 13, 2023) (citing *Samsung*, 321 F.R.D at 283); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."). "Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate." *Heller v. City of Dall.*, 303 F.R.D. 466, 490 (N.D. Tex. 2014). Moreover, the "failure to maintain an objection throughout . . . a discovery dispute, including in response to a motion to compel, may constitute waiver of the argument." *X Corp. v. Media Matters for Am.*, No. 4:23-CV-01175-O, 2024 WL 4416887, at *1–2 (N.D. Tex. Sept. 27, 2024) (collecting cases).

After a Court grants an application for discovery under 28 U.S.C § 1782,[2] the Federal Rules of Civil Procedure governing discovery apply. *Tex. Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 554 (5th Cir. 2012).

## ANALYSIS

Celerity makes several objections in response to Xiaomi's subpoena (Dkt. #6-1). It waived almost all of them. It did so by improperly qualifying its objections using "subject to" language and unacceptably relying on general and boilerplate objections. Moreover, the requests are not overbroad or unduly burdensome on their face, and Xiaomi's Motion is not premature. Accordingly, with limited exceptions, the Court will grant the Motion.

### I.    Celerity waived its objections by qualifying its response with "subject to" language.

In the introduction to its response and objections to Xiaomi's subpoena, Celerity stated that "[s]ubject to its General Objections, below, Celerity provides the following Responses and

---

[2] The "animating purpose of § 1782 is comity: Permitting federal courts to assist foreign and international governmental bodies promotes respect for foreign governments and encourages reciprocal assistance." *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 632 (2022).

Specific Objections to the Requests" (Dkt. #6-1). Including the "subject to" language was

Celerity's first mistake. As this Court has previously explained:

> The practice of including "subject to" or "without waiving" statements after objections is an age-old habit comparable to belts and suspenders. This practice is "manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure." Such an objection and answer "leaves the requesting [p]arty uncertain as to whether the question has actually been fully answered," and "wondering as to the scope of the documents or information that will be provided as responsive."

*RealPage, Inc. v. Enter. Risk Control, LLC*, No. 4:16-CV-00737, 2017 WL 1165688, at *2 (E.D. Tex.

Mar. 29, 2017) (citations omitted).

Even though Celerity labeled some objections as "specific," the "subject to" language

preceding them turns the objections general. When a party resisting discovery uses "subject to"

language to qualify a response, it "fail[s] to specify the scope of [its] answer[s] in relation to the

request." *Id*. at *3. That failure results in waiver because it "makes it impossible for [Xiaomi] or the

Court to assess the sufficiency of the response." *Id*.[3] By "including subject to language in [its]

responses," Celerity "waived each objection." *Id*. (citation modified) (citing *Carr v. State Farm*

*Mut. Auto. Ins.*, 312 F.R.D. 459, 470 (N.D. Tex. 2015)).

## II.    Celerity waived its objections by relying on general or boilerplate language.

Celerity also waived almost all objections by using general or boilerplate language. To start,

Celerity itself designates "General Objections" (Dkt. #6-1 at pp. 1, 26–28)—a questionable

decision in a district where it "is well-established that parties cannot make general or boilerplate

objections to discovery requests." *Star Creek Ctr., LLC v. Seneca Ins. Co., Inc.*, No. 4:17-CV-00607,

---

[3] Here, as discussed in depth later in the Order, there is no doubt the response was insufficient because Celerity produced nothing (*See* Dkt. #6-1 (stating, in response to all ten requests, that "[i]n view of its Specific Objections and General Objections . . . Celerity does not presently intend to produce documents in response . . . .")).

2018 WL 1934084, at *3 (E.D. Tex. Apr. 23, 2018) (citing *Heller*, 303 F.R.D. at 483); *Nichols v. White*, No. 6:19-CV-00111, 2020 WL 8271876, at *1 (E.D. Tex. Feb. 10, 2020) (citation modified) ("[A] party waives its objection if it makes general or boilerplate objections to discovery requests.") Labels aside, almost all of Celerity's objections are general or boilerplate and are thus waived.

### A.    Privilege or Work-Product Protection

In response to all ten requests for production, Celerity states that it:

> objects to this Document Request to the extent that it calls for information protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, joint defense privilege, or any other applicable privilege or immunity, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the relevant statutory or case law.

(Dkt. #6-1).

But in its attempt to cover all its bases, Celerity covers none. Naming all privileges and laws "does not affirmatively assert or identify" any. *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016) (citation modified). Further, as explained more in depth later in this Order, Celerity's use of the phrase "to the extent"—without specifying what it does not extend to—illuminates the objection's general nature, as it is "impossible to know [if] information has been withheld and, if so, why." *See RealPage*, 2017 WL 1165688 at *3 (quoting *Heller*, 303 F.R.D. at 483) (addressing "subject to" language).

To prevent a waste of the parties' time and judicial resources, the Federal Rules of Civil Procedure expressly require a party responding to a subpoena with a privilege or work-product protection claim to "describe the nature of the withheld documents . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." *See* FED. R. CIV. P. 45(a)(2)(ii). Failure to do so results in waiver of the privilege or protection. *See, e.g.*, *X Corp,* 2024 WL 4416887, at *4 ("When a withholding party fails to provide a privilege log and

fails to properly substantiate its objections by submitting evidence necessary to sustain its burden of proof to its objections, privilege is waived.").[4] Celerity failed to do so for all ten requests, so it waived all privilege and work-product protection.[5]

## B.    Proportionality, Undue Burden, and Overbreadth

Also as to all ten requests, Celerity objects that they violate "Rule 26's proportionality requirements" because they are "grossly disproportional to the needs of the case given Celerity non-party status in the foreign proceeding for which Xiaomi seeks discovery" (Dkt. #6-1). Celerity also objected that all ten requests are "overbroad, unduly burdensome, and disproportional to the needs of this case" (Dkt. #6-1). The volume of identical objections alone damages its position. *See RealPage, Inc.*, 2017 WL 1165688, at *3 (E.D. Tex. Mar. 29, 2017) (considering that party resisting discovery made almost identical objections to eighteen of twenty-five requests for production when determining that objections were boilerplate); *Tran v. GLG Truck Lines, Inc.*, No. 1:24-CV-94, 2025 WL 1919819, at *3 (E.D. Tex. July 11, 2025) (finding waiver after noting that party resisting discovery objected to discovery requests as "overly broad" at least thirty-two times). And while Celerity correctly asserts that copying and pasting an objection does not alone render it boilerplate (Dkt. #10 at p. 12 (collecting cases)), it waived its objections for other reasons.

For one, Celerity failed to carry its burden to show undue burden and lack of proportionality. True, non-party status is relevant in determining whether the burden from

---

[4]   Celerity's status as a non-party in the foreign proceeding does not excuse it from this obligation—even assuming that status renders Celerity a non-party for purposes of this 28 U.S.C. § 1782 proceeding. *See United States ex rel. Eichner v. Ocwen Loan Servicing LLC*, No. 4:19-CV-00524, 2024 WL 2922979, at *5 (E.D. Tex. June 10, 2024) (citing FED. R. CIV. P. 45(e)(2)) ("Even a non-party must produce a privilege log when claiming that subpoenaed information is privileged.").

[5]   Because Xiaomi's Reply indicates Xiaomi only seeks documents that are not covered by attorney-client privilege or work product protection (if accompanied by a privilege log) (Dkt. #12 at p. 8), the Court will not require production of privileged documents or those protected under the work-product doctrine despite Celerity's waiver.

discovery should be considered undue or excessive, but a non-party seeking relief from a subpoena still bears the "burden of demonstrating that the discovery sought should not be allowed." *See Dickey v. Apache Indus. Services, Inc.*, No. CV 18-572-SDD-RLB, 2019 WL 4261117, at *3 (M.D. La. Sept. 9, 2019) (citing *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996) (addressing standard on motion to quash non-party subpoena). A non-party "cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance with the subpoena." *Id.* (citation modified). Here, Celerity never explained the nature and extent of the burden and the consequences of compliance with the subpoena before immediately making other objections (*See* Dkt. #6-1). Without evidentiary support, Celerity's objections to undue burden and lack of proportionality are "nothing more than unsustainable boilerplate." *See Heller*, 303 F.R.D. 466, 490 (N.D. Tex. 2014). The undue burden and proportionality objections are thus waived.

As to overbreadth, Celerity's attempt to cast seven of the ten requests as overbroad for including the word "any" or "all" without elaboration fails. "[A]ssertions that all discovery requests using the terms 'all' . . . are inherently overbroad" are "too simplistic." *ATC Media, LLC v. Michaels Stores, Inc.*, No. 3:22-CV-1416-N, 2023 WL 5538996, at *3 (N.D. Tex. Aug. 28, 2023). Whether the use of the term "any" or "all" renders a request overbroad or unduly burdensome depends on the "particular language and context of the particular requests at issue." *Id.* Here, Celerity's objections pointed to specific words in the requests but failed to explain why those words make the request overbroad in the context of this case (*See* Dkt. #6-1). Its "overbreadth objections fail to explain the extent to which each request is overbroad" and Celerity fails "to answer or respond to the extent [each request] is not" overboard. *Baker v. Walters*, 652 F. Supp. 3d 768, 780

(N.D. Tex. 2023) (citation modified). Neither does Celerity "show how the requested discovery is overly broad by submitting affidavits or . . . evidence revealing the nature of the burden." *Id.* (citation modified). Accordingly, its overbreadth objections are waived.

### C.    Confidential and Proprietary Information

Celerity, in response to all ten requests, states that:

> Celerity objects to this Document Request to the extent that it calls for confidential and/or proprietary information of any individual or entity other than Celerity, or information that Celerity is under an obligation to a third-party or to a court not to disclose, including information that would require Celerity to breach a confidential contract, protective order, settlement, or other duty to a third party to maintain confidentiality.

(Dkt. #6-1).

Because Celerity asserts these objections only "to the extent" the requests call for confidential or proprietary information—without elaborating—it is unclear if the objections are even before the Court. In any event, they are waived. "Confidentiality does not act as a *per se* bar to disclosure or constitute grounds to withhold documents from discovery." *Hunsinger v. SKO Brenner Am., Inc.*, No. 3:13-CV-0988-D, 2014 WL 114348, at *2 (N.D. Tex. Jan. 9, 2014); *Fed. Trade Comm'n ex rel. Yost v. Educare Ctr. Servs., Inc.*, No. EP-19-CV-196-KC, 2020 WL 4334119, at *7 (W.D. Tex. Apr. 15, 2020) (citing *A.H. Robins Co. v. Fadely*, 299 F.2d 557, 561 (5th Cir. 1962) ("[T]he presence of confidential business information is not a basis upon which discovery can be resisted."). A confidentiality or proprietary information claim may be a proper ground to seek a protective order, but "it generally is not a valid objection for withholding discovery altogether." *McKellips v. Kumho Tire Co., Inc.*, 305 F.R.D. 655, 661 (D. Kan. 2015). Celerity has not requested that relief, and if it did, it would need to establish good cause and a specific need for protection. *Hunsinger*, 2014 WL 114348 at *2. Here, Celerity's "conclusory assertion that the [responsive]

document . . . contains proprietary and confidential information does not come close to the particular and specific demonstration of fact required" for a protective order. *Id.* Thus—to the extent they are raised—the confidentiality and proprietary information objections are waived.

In Celerity's late Response, it argues that the need for confidentiality protection is higher because of the potential disclosure of documents in the Germany litigation. Xiaomi apparently proposed using the Court's protective order from its patent cases, and Celerity refused based on this purported heightened need for protection (Dkt. #11 at p. 16). The Court is skeptical that this argument is well-founded because Celerity made identical confidentiality and proprietary information objections to every single request without elaborating (and produced nothing).  But, nevertheless, the Court considers Celerity's authorities. Celerity cites two cases to support its proposition that there's a heightened need for protection "because Xiaomi proposes to export Celerity's confidential information to a foreign country, for use in a foreign jurisdiction and foreign tribunals, by foreign counsel" (Dkt. #11 at p. 8). Neither case helps Celerity avoid waiver here.

The first case is *In re Oasis Focus Fund LP*, No. 1:23-CV-239-DII, 2024 WL 1081533, at *2 (W.D. Tex. Jan. 31, 2024). The page Celerity cites first outlines the standard for a motion for reconsideration. *Id.* Then, the court provides the standard for a stay pending appeal and explains that it applies in 28 U.S.C. § 1782 actions. *Id.* The court then denied the request to reconsider its holding that the movant had control of documents the nonmovant requested. *Id.* The Court cannot discern the case's relevance to the matter at hand other than it also arising under 28 U.S.C. § 1782.

Next, Celerity cites page three of the Court's order in *In re Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proceedings*, No. CV 4:23-MC-96, 2025 WL 748193, at *3 (E.D. Tex. Mar. 7, 2025). There, Samsung, unlike Celerity in this case, moved for a protective

order to resist discovery Xiaomi sought under 28 U.S.C. § 1782. *See id*. That case also arose from a discovery request for a Germany proceeding. *Id*. at *1. Samsung argued that the Court's existing protective order was "inadequate to protect the sensitive nature" of a document. *Id*. Samsung thus asked the Court to provide heightened protection, but Xiaomi and another party argued that the document's relevance in the Germany proceeding outweighed Samsung's asserted hardships. *Id*. at *3. At the end of page three, the Court previews that it will ultimately rule against Samsung. *Id*.

The Court cannot ascertain how page three—or the case—supports Celerity's proposition that heightened protection is needed. If anything, the case undermines Celerity's position that the protections afforded by the Court's standard patent protective order are insufficient in the context of foreign proceedings, as that case demonstrates the Court has previously used similar protective orders when dealing with 28 U.S.C. § 1782 discovery, which, by its very nature, is for use in foreign litigation.[6] According to Xiaomi, Celerity declined a protective order modeled after the Court's standard patent protective order (Dkt. #6 at pp. 7–8). Thus, the case does nothing to excuse Celerity's discovery conduct and does not save it from waiver.

Nevertheless, the Court assumes at least some of Xiaomi's requests ask for some proprietary or confidential information. Due "to the proprietary nature of the information, the Court will not order [Celerity] to produce the requested information without an executed or stipulated protective order." *See NCH Healthcare Sys., Inc. v. Paxerahealth Corp.*, No. 2:19-CV-632-SPC-MRM, 2021 WL 3009573, at *4 (M.D. Fla. Apr. 2, 2021) (citation modified) (granting motion

---

[6] The Court's protective order in the case Celerity cites, which is similar to the Court's standard patent protective order, included "three levels of confidentiality designation[s]: (1) 'CONFIDENTIAL'; (2) 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY'; and (3) 'RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY.'" *In re Order Pursuant to 28 U.S.C. § 1782*, 2025 WL 748193, at *1. On page four, the Court explained that a "RESTRICTED" designation would render the document inadmissible under German law, and that the relevance of the document outweighed any hardship to Samsung. *Id*. at *4.

to compel and overruling discovery objections but ordering parties to negotiate and execute a confidentiality agreement or protective order within three business days).

As the parties indicate that they are working towards a protective order, the Court will not order one at this time. The parties are strongly encouraged to negotiate a joint proposed order or a confidentiality agreement without further Court intervention.

### D. Vagueness and Ambiguity

Celerity correctly asserts that its vagueness and ambiguity objections "specifically identify the terms and phrases of each specific request that lack a reasonable interpretation or definition" (Dkt. #11 at p. 14). But that is insufficient. When a party points to words they have issue with but not the "specific reasons" the "words are overboard, vague, or ambiguous," it waives its objections. *RealPage*, 2017 WL 1165688 at *4 (citing *Heller*, 303 F.R.D at 483–93) (holding that even if there was no waiver, objections that do not "explain the specific and particular" way the request is overbroad, vague, or ambiguous would be overruled). Here, after identifying the terms it considered vague or ambiguous, Celerity moved to its next objections without explanation. It thus waived all objections to vagueness and ambiguity.

### E. Information Outside Celerity's Custody or Control or in the Possession of Xiaomi or Third Parties

To nine out of ten requests, Celerity asserts that:

> Celerity objects to this Document Request to the extent that it seeks information not in the possession, custody, or control of Celerity, to the extent Xiaomi already has possession of such information, or to the extent that the information has been provided by other parties, other third parties, or is available in the public domain.

Again, Celerity's use of the phrase "to the extent" leaves the Court unable to determine whether and to what extent the objections are asserted. That is likely sufficient for the Court to hold the objections are waived. *See, e.g.*, *Pro Fit Mgmt., Inc. v. Lady of Am. Franchise Corp.*, No. 08-

CV-2662-JAR/DJW, 2011 WL 939246, at *1–2 (D. Kan. Feb. 25, 2011) (declining to consider objections made "to the extent" they apply because they are hypothetical and meaningless). As the United States District Court for the District of Utah persuasively explained:

> the "to the extent that" moniker does not satisfy the specificity requirement [for discovery objections] because the objecting party is not even definitively contending that there is an actual, objection-worthy problem in the request. "To the extent that" is a feeble "maybe" objection behind which the objector lacks the resolve to definitively state whether something actually occurred that warrants objecting. It is the equivalent of saying, "I am not sure that this request is worthy of objection, but if it is, then I object." Imagine trying such a tactic at trial.

*Smash Tech., LLC v. Smash Sols., LLC*, 335 F.R.D. 438, 447 (D. Utah 2020).

But because there is a split of authority on whether an objection's inclusion of the phrase "to the extent" is sufficient to waive it, *see, e.g.*, *Podium Corp. Inc. v. Chekkit Geolocation Servs. Inc.*, No. 2:20-CV-00352, 2022 WL 1773016, at *5 (D. Utah June 1, 2022) (declining to follow *Smash* and holding that "to the extent" language "does not automatically render an objection unintelligible or nonspecific."), the Court's analysis proceeds.[7]

### 1.    Custody or Control

Parties are only required to produce documents in their custody or control in response to a subpoena. *See* FED. R. CIV. P. 45(1)(A)(iii). While the Court has not been provided the subpoenas Xiaomi served, the Court allowed Xiaomi to issue subpoenas in substantially the same form as the ones attached to its Application (Dkt. #1; Dkt. #1-1; Dkt. #1-2; Dkt. #3). The document subpoena attached to the Application was expressly limited to documents within Celerity's custody and

---

[7]  The Court also considers the custody or control objection because some authorities suggest it cannot be waived. That makes sense, because the "practical effect" of finding waiver "would result in a party being compelled to produce that which they cannot, ultimately resulting in a continued violation of a court order for failing to comply." *Duarte v. St. Paul Fire & Marine Ins. Co.*, No. EP-14-CV-305-KC, 2015 WL 7709433, at *5 (W.D. Tex. Sept. 25, 2015). But, as the Court explains below, the objection is overruled.

control (Dkt. #1-1 at p. 7). Xiaomi certified that it served subpoenas in compliance with the Court's order granting its Application (Dkt. #4). If the subpoena remained in substantially the same form, then Xiaomi does not seek information outside Celerity's custody or control. This objection is thus overruled without prejudice, but Celerity may reassert the objection only if the subpoena Xiaomi actually served fails to limit its reach to documents within Celerity's custody or control.[8]

### 2.    Documents in Xiaomi or a Third Party's Possession

These objections are overruled because "relevant information is still discoverable even if the other side may otherwise have access to it." *BioTE Med., LLC v. Jacobsen*, No. 4:18-CV-00866, 2021 WL 327505, at *4 (E.D. Tex. Feb. 1, 2021); *Marchese v. Sec'y, Dep't of the Interior*, No. CIV.A. 03-3082, 2004 WL 2297465, at *3 (E.D. La. Oct. 12, 2004) ("It is not a valid response to state that some documents are already in plaintiffs' possession."); *Blackmon v. Bracken Constr. Co., Inc.*, No. CV 18-142-BAJ-SDJ, 2020 WL 6731113, at *25 (M.D. La. Nov. 16, 2020) (refusal to produce documents on the basis that some were already in requesting party's possession was not a "meaningful response" because that is no bar to discovery).

The same goes for documents allegedly in a third party's possession if they are also in the possession of the party resisting discovery. *See, e.g.*, *Moore v. W. World Ins. Co.*, No. 3:23-CV-3029-KHJ-MTP, 2024 WL 3403750, at *2 (S.D. Miss. July 12, 2024) (citation modified) (first citing *Monsanto Co. v. Adams*, 2001 WL 34079481, at *2 (N.D. Miss. Apr. 26, 2001); then citing *Blackmon v. Bracken Construction Co., Inc.*, 2020 WL 6731113, at *25 (M.D. La. Nov. 16, 2020) ("[I]t is not a

---

[8]  Similarly, Celerity's objections that certain requests call for information Celerity does not know or contentions it does not have are overruled without prejudice, as Xiaomi currently represents it "does not seek the impossible" (Dkt. #12 at p. 6).

bar to the discovery of relevant material that the same material may be in the possession of the requesting party or obtainable from another source.").[9] These objections are accordingly overruled.

* * *

In sum, almost all of Celerity's objections are waived or overruled, and few are well-taken.[10] Celerity's unacceptable reliance on boilerplate objections has required a considerable expenditure of judicial resources—all in the backdrop of imminent deadlines in the Germany proceedings. The Court's analysis continues only because some courts analyze whether discovery requests are overbroad on their face even when the party resisting discovery waives its overbreadth objections.[11]

## III.    Xiaomi's Requests for Production are not Overbroad on their Face.

A discovery request may be overbroad on the grounds that it is not limited in temporal or geographical scope, and Celerity, unsurprisingly, objects to all ten requests on these grounds (Dkt. #6–1). The Court considers each request in turn.[12]

---

[9]  To the extent Celerity's argument that Xiaomi or a third party already possessed or produced documents goes to burden or proportionality, the objection is overruled because conclusory assertions do not carry its burden to show Xiaomi "could obtain the . . . documents . . . it seeks from some other source that is more convenient, less burdensome, or less expensive." *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016). Celerity's conclusory objections give the Court no basis "to know what responsive documents . . . [it] contends that [it] should not be required to produce . . . ." *Id.*

[10]  To the extent an objection that a request for production calls for legal conclusions is valid in the Fifth Circuit, it is waived because Celerity failed to specify how each request calls for a legal conclusion. *See Shoemake v. McCormick, Summers & Talarico II, LLC*, No. 10-2514-RDR, 2011 WL 5553652, at *3 (D. Kan. Nov. 15, 2011) (holding that "legal conclusion" objection is invalid and overruling the objection after noting that responding party failed to specify in what way the request called for a legal conclusion).

[11]  *See, e.g., Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, No. CV 08-4315, 2010 WL 11538662, at *5 (E.D. La. July 26, 2010) (citing *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003)). Other courts frame the issue as a matter of discretion, *e.g., Lee v. Aramark Facility Services, LLC*, No. CV 20-2049, 2021 WL 6070448, at *5 (E.D. La. July 15, 2021), but the Court proceeds in the interests of fairness and thoroughness.

[12]  Unless otherwise indicated, each request for production provided below is from Celerity's responses and objections to Xiaomi's subpoenas (Dkt. #6-1).

### A.    Request for Production One

> **REQUEST FOR PRODUCTION NO. 1:** Agreements, licenses, contracts, settlements, or proposals, including attachments or exhibits to those documents, related to the Patent-in-Suit, the technology described in the Patent-in-Suit, or technology that You are aware or have reason to believe ASUS or You assert is comparable to that in the Patent-in-Suit for licensing purposes, including, but not limited to, 3G, 4G, or 5G standards.

The Court finds the first request for production is not facially overbroad. The "Patent-in-Suit" is the patent Xiaomi is accused of infringing in the Germany proceedings (Dkt. #1 at p. 6). That patent "was not granted until 2018, providing at least some temporal limitations." *In re § 1782 Application of Xiaomi Corp.*, No. 25-MC-80143-RS, 2025 WL 2772693, at *3 (N.D. Cal. Sept. 29, 2025) (evaluating Xiaomi's application for discovery under 28. U.S.C. § 1782 in a related proceeding). Because this request concerns documents related to that particular patent, it is sufficiently limited. And although the request seeks information about comparable technology, in the context of German patent litigation, the request is not overbroad. That is because German law takes into account whether prior comparable licenses exist and Xiaomi relies on that for its defense (*See* Dkt. #1-12 at p. 4). Xiaomi's Motion is thus granted as to this request.

### B.    Request for Production Two

> **REQUEST FOR PRODUCTION NO. 2**: Documents related to the relationship between You and ASUS, including documents relating to Your supposed role as "exclusive agent" for licensing any ASUS patents, including but not limited to the Patent-in-Suit.

Some aspects of the second request for production are overbroad. Accordingly, the Court modifies this request to seek documents about Celerity's role as exclusive agent "for licensing the Patent-in-Suit," rather than "any ASUS patents, including but not limited to the Patent-in-Suit." *See, e.g.*, *Sanders v. MoneyGram Int'l, Inc.*, No. 3:23-CV-808-M (BK), 2024 WL 5430194, at *2

(N.D. Tex. June 27, 2024) ("[T]he Court has the discretion to modify a discovery request deemed overly broad."). Xiaomi's Motion as to this request is thus granted in part and denied in part.

### C. Request for Production Three

> **REQUEST FOR PRODUCTION NO. 3**: Documents related to or evincing all payments made related in whole or in part to the Patent-in-Suit, including payments made by licensees, ASUS, or You, including documents related to or evincing any fees paid to You for or related to your services as they related to ASUS.

The Court finds some aspects of the third request for production facially overbroad. It thus modifies the request to end after "Patent-in-Suit." Xiaomi's Motion as to this request is granted in part and denied in part.

### D. Request for Production Four

> **REQUEST FOR PRODUCTION NO. 4**: Documents and communications, including any agreements, licenses, contracts, settlements, or proposals, including attachments or exhibits to those documents, between at least ASUS and Celerity regarding the Patent-in-Suit.

Xiaomi's Motion as to this request is also granted in part and denied in part. Because the Court finds some aspects of the fourth request for production facially overbroad, it modifies the request to eliminate the phrase "at least."

### E. Request for Production Five

> **REQUEST FOR PRODUCTION NO. 5**: Documents and communications discussing the substance of ASUS's or Celerity's licensing of or attempts to license the Patent-in-Suit, including, but not limited to, communications with Qualcomm, Samsung, Lenovo, LG Electronics, AT&T, Verizon, T-Mobile, Ericsson, MediaTek, or Via LA, and documents and information relied on or reviewed in preparation for such communications.

The Court finds that some aspects of the fifth request for production are facially overbroad, so the Motion is granted in part and denied in part. The request is modified to end after "Via LA."

### F.      Request for Production Six

**REQUEST FOR PRODUCTION NO. 6**: Documents You know or have reason to know ASUS or You rely upon, refer to, review, or consider to support or otherwise respond to any claim or defense by any party, third-party, or intervenor in any proceeding concerning the Patent-in-Suit.

The Court finds that the sixth request for production is not facially overbroad due to its reference to the Patent-in-Suit. Xiaomi's Motion is thus granted as to this request.

### G.      Request for Production Seven

**REQUEST FOR PRODUCTION NO. 7**: Any non-privileged analyses, evaluations, or investigations of the value, infringement, validity, or scope of the Patent-in-Suit, including any documents providing the factual bases for the same.

As the seventh request for production is also limited by its reference to the Patent-in-Suit, the Court finds it is not facially overbroad, and grants Xiaomi's Motion as to this request.

### H.      Request for Production Eight

**REQUEST FOR PRODUCTION NO. 8**: Any analyses, evaluations, or investigations regarding the value of ASUS's 3G, 4G, and 5G patent portfolio.

The Court grants Xiaomi's Motion as to the eighth request for production because it is not facially overbroad. The Court agrees with the Northern District of California's position that "the value . . . of the Patent-in-Suit *and ASUS's 3G, 4G, and 5G patent portfolio*" are broad, but not overly so in light of "Xiaomi's defenses including non-infringement, nullity, exhaustion . . . and possible damages actions." *In re § 1782 Application*, 2025 WL 2772693, at *3 (N.D. Cal. Sept. 29, 2025) (emphasis added) (evaluating undue burden when deciding whether to grant Xiaomi's application for § 1782 discovery in related a proceeding).

18

## I.     Request for Production Nine

**REQUEST FOR PRODUCTION NO. 9**: Documents relating to whether the Patent-in-Suit is or may be standard-essential, including any documents providing the factual bases for the same.

Given that "whether the Patent-in-Suit is standard-essential" is highly relevant to Xiaomi's defenses in the Germany proceeding, *In re § 1782 Application*, 2025 WL 2772693, at *3 (N.D. Cal. Sept. 29, 2025), the Court finds the ninth request for production is not facially overbroad. Accordingly, the Court grants Xiaomi's Motion as to this request.

## J.     Request for Production Ten

**REQUEST FOR PRODUCTION NO. 10**: Any documents relating to analyses conducted by ASUS, Celerity, and/or their agents regarding the Patent-in-Suit conducted in the scope of their business activity involving patent licensing and enforcement, including any documents used or created for the purpose of analyzing or evaluating Xiaomi or others as potential licensing targets.

The Court grants the Motion as to the tenth request for production because its reference to the Patent-in-Suit renders the request sufficiently specific.

\* \* \*

To summarize, the Court denies the Motion in part not because Celerity carried its burden to show overbreadth, but because the Court finds some requests facially overbroad. The Court now considers Celerity's attempt to shift blame to Xiaomi in its late[13] Response.

---

[13] Celerity's conduct in this regard is confounding to the Court. As stated, Xiaomi moved to expedite the briefing for its Motion on October 14, 2025, asking the Court to give Celerity until October 20, 2025, to respond. Celerity asked the Court to deny the expedited briefing but to give it at least until October 24, 2025. Because the Court did not rule on the expedited briefing, Celerity's deadline stayed the same—October 28, 2025—giving Celerity four days more than it represented to this Court it could respond by. And yet it still responded late while knowing about the impending deadlines and proceedings in Germany. What's more, Celerity failed to take advantage of the Court's local rule permitting any party to "move for an order . . . lengthening . . . the response period." E.D. TEX. CIV. R. 7(e). So while the Court would be well-justified ignoring the Response, it considers it in the interests of fairness.

IV.    **Xiaomi's Motion is not premature and is warranted.**

Celerity's central argument is that the Motion is fatally premature because the parties are not at an impasse (Dkt. #11 at p. 5). Relatedly, Celerity claims that "it has not, in fact, refused to produce any documents" (Dkt. #11 at p. 5). And it claims Xiaomi failed to follow this Court's local rules and points the finger at Xiaomi's lack of diligence in relation to the deadlines in the Germany proceeding (Dkt. #11 at pp. 5, 11).[14] The Court addresses (and rejects) these contentions in turn.

A.    **Prematurity**

Celerity's own words are fatal to its argument that no impasse exists and that it has not refused to produce documents. After every single request for production, Celerity states that in view of its specific and general objections, it does not "presently intend to produce documents" in response (Dkt. #6-1). But a responding party has "a duty to respond to or answer a discovery request to the extent that it is not objectionable" and "*must* describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why." *Carr*, 312 F.R.D. at 469 (citation modified) (emphasis added).

Rather than comply with its discovery obligations, Celerity engaged in a "clear attempt to delay and deny [Xiaomi's] efforts to engage in discovery." *Tran*, 2025 WL 1919819, at *3. That ends now. Even when facing objectionable discovery requests, producing nothing (without at least providing a privilege log or moving for a protective order) is not an option.

Further, what Celerity's Response does not say speaks volumes. Xiaomi represented that during the party's meet-and-confer on October 14, 2025, Celerity had not even begun to search for documents despite being served with the document subpoena on September 19, 2025 (Dkt. #4;

---

[14] Celerity also defends its boilerplate objections, but the Court has already rejected these arguments.

Dkt. #6 at p. 7).[15] Celerity does not deny this anywhere in its Response (*See* Dkt. #11). Given Celerity's knowledge of the impending Germany proceedings, sitting on its hands for weeks based on the premise the requests are objectionable borders on bad faith. Celerity's position that it could not produce documents without a protective order does nothing to help its case because Celerity could (and should) have been gathering responsive documents in the meantime. Contrary to what Celerity suggests in its Response, it does not get to stonewall until it deems discovery requests "appropriate" enough for its liking (Dkt. #11 at p. 6).

Due to the impending Germany deadlines and proceedings, and the fact that Celerity was served with the document subpoena more than a month ago, Celerity has seven calendar days from the date of this Order to comply with Xiaomi's document subpoena.[16] **The parties are warned that the Court is not inclined to extend the deadline unless both parties agree.**

### B.    Lack of Diligence

Celerity argues Xiaomi is to blame for the urgency of the relief sought (Dkt. #11 at p. 11). According to Celerity, Xiaomi should have sought a 28 U.S.C § 1782 application sooner because the German proceedings began in September of 2024 (Dkt. #11 at p. 11).    But Celerity cites no authority that the requesting party's lack of diligence excuses the responding party's discovery obligations. Celerity also makes much of the fact that Xiaomi has already sought § 1782 relief in the Northern District of California against the company Celerity serves an exclusive licensing agent

---

[15]  Celerity alleges that Xiaomi violated this Court's Local Rule 7(h) by failing to meet and confer in good faith before filing the Motion. Xiaomi certified that a meet and confer occurred (Dkt. #6 at p. 10). Because Celerity did not begin to search for responsive documents or move for a protective order after being served with the subpoena on September 19, 2025 (Dkt. #4), the Court finds Xiaomi acted in good faith by filing this Motion. Even if Celerity was correct, the Court would exercise its discretion to consider the Motion despite its lack of compliance with the local rules just as it considers Celerity's untimely Response.

[16]  The Court's directive does not extend to privileged or work-product-protected documents, which Xiaomi does not seek (Dkt. #12 at p. 7).

for again with no authority explaining how this affects the Court's analysis in any way (Dkt. #11 at p. 11). Without binding authority indicating another result is necessary, the Court finds Celerity's own lack of diligence complying with its discovery obligations warrants the relief requested even if Xiaomi could have been more diligent.[17]

## V.    The subpoenas are modified to require compliance in the Eastern District of Texas.

### A.    Document Subpoena's Place of Compliance

Buried in its general objections, Celerity makes one that comes close to being specific. It objects that "Xiaomi's Subpoena [fails] to list an enforceable or appropriate place of compliance pursuant to Rule 45" because Reston, Virginia "is not within 100 miles of where Celerity resides or regularly transacts business" (Dkt. #6-1 at p. 29). Celerity does not reveal where it resides or regularly does business, and neither party addresses the objection in their briefing, but the Court considers it since at least one authority suggests the objection is not waivable. *See AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-CV-03393-YGR JSC, 2014 WL 6706873, at *1 n.1 (N.D. Cal. Nov. 25, 2014) (holding that subpoena exceeding 100-mile range under Rule 45 was "invalid on its face").

After considering the objection, the Court agrees with Celerity. Xiaomi admits Celerity is a resident of the Eastern District because Celerity's principal place of business is in Plano, Texas (Dkt. #1 at p. 13). The subpoena is modified to state that Celerity may produce documents in Plano, Texas. *See Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018) (holding that non-party's headquarters are the proper place of compliance with a subpoena). The Court also

---

[17] In a similar spirit, the Court declines Celerity's invitation to hold Xiaomi conceded on some of Celerity's objections by failing to specifically address them in its Motion. *See In re Monge*, 826 F.3d 250, 255 (5th Cir. 2016) (holding that district courts need not sustain "objections merely because they are unopposed" and "may overrule the objections if they lack merit . . . ."). And although the Court will not get deeper in the weeds of this discovery dispute, it suffices to say that Celerity also failed to defend some of its objections in the Response, like the subpoena-range objection the Court considers below.

"clarifies that [Celerity] may produce the requested information . . . by email to the email address provided by [Xiaomi]" (lionel.lavenue@finnegan.com). *In re DMCA § 512 Subpoena to X Corp.*, No. CV 25-MC-474, 2025 WL 888415, at *3 (E.D. La. Mar. 21, 2025) (first citing FED. R. CIV. P. 45(d)(3)(A)(ii); then citing *Sams v. GA W. Gate, LLC*, 316 F.R.D. 693, 696-97 (N.D. Ga. 2016)).

### B.    Deposition Subpoena's Place of Compliance

Celerity does not address its refusal to designate a witness for deposition other than citing its objections to specific deposition topics (*See generally* Dkt. #11). And while Xiaomi's certificate of conference attached to their Motion is specific about Celerity's conduct as to document production, it does not clearly address witness production (*See* Dkt. #6 at p. 10). The Court thus declines to rule on the objections to deposition topics.

Nevertheless, to avoid future disputes, the Court will compel deposition testimony from a Celerity 30(b)(6) witness and modify the deposition subpoena to the extent it requires compliance more than 100 miles from Celerity's headquarters. Because Celerity was served with the witness subpoena on September 19, 2025, and has been aware of the imminent Germany deadlines and proceedings, Celerity must designate and provide a 30(b)(6) representative for deposition within fourteen calendar days from the date of this Order. **The parties are warned that the Court is not inclined to extend this deadline unless both parties agree**.

And even though the Court declines to rule on the objections to deposition topics, the Court will share its observation that Celerity's objections, unsurprisingly, closely resemble its objections to document production (*See* Dkt. #6-2 (expressly labeling some objections as general and asserting, for example, objections based on privilege, vagueness, proportionality and confidentiality without elaboration or evidentiary proof)). Now appraised of the Court's view on boilerplate, general, and

unsubstantiated objections, the Court is confident the parties will work together to reach an amicable resolution of this issue without further Court involvement.

* * *

In sum, Celerity's Response does little to explain its unacceptable discovery conduct. The Court is mindful that the timing of this Order and its accompanying deadlines may be of limited assistance to Xiaomi for the November 3, 2025 rejoinder brief deadline in the Germany proceeding, but the Court intends its deadlines to ensure Celerity's prompt compliance with its discovery obligations in time for the December 3, 2025 oral hearing in Germany.

**CONCLUSION**

It is therefore **ORDERED** that the Motion to Compel Discovery is hereby **GRANTED in part and DENIED in part** and the Motion for Expedited Briefing with Respect to Xiaomi's Motion to Compel Discovery is **DENIED** as moot.

**IT IS SO ORDERED.**

 **SIGNED this 3rd day of November, 2025.**



_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE